# UNITED STATES BANKRUPTCY COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re ) | Chapter 7 Proceedings |
| ) | |
| FRANKIE LYNN BRADSHAW, ) | Case No. BR-05-24647-PHX-CGC |
| ) | |
| Debtor. ) | Adversary No. 06-00245 |
| ) | |
| DAVID S. EDMONDSON, ) | |
| ) | UNDER ADVISEMENT RE: |
| Plaintiff, ) | MOTION FOR SUMMARY |
| ) | JUDGMENT |
| v. ) | |
| ) | |
| FRANKIE LYNN BRADSHAW, ) | |
| ) | |
| Defendant. ) | |

Before the Court is Plaintiff David Edmondson's partial motion for summary judgment regarding the issue of whether an attorneys' fee judgment against Defendant Frankie Bradshaw from the state court is excepted from discharge under 11 U.S.C. section 523(a)(5). After hearing oral argument on August 7, 2007, the Court ordered the parties to file post-hearing briefs to provide this Court with the transcript from the state court proceedings involving the attorneys' fee award. That having now been done, the matter is ripe for decision.

To be brief, the parties have been involved in a hotly contested child custody proceeding since 2001. During these proceedings, the parties battled over custody of their minor child, parenting time, and child support, *inter alia*. Subsequently, Plaintiff sought $47,688.09 in attorneys' fees from Defendant. After a hearing on the matter, the state court awarded Plaintiff $11,917.22 in fees. It is this judgment from which Defendant seeks to discharged.

In awarding these fees, the state court properly focused on two factors, as required under Arizona Revised Statute section 25-324: 1) The financial resources of both parties; and 2) The reasonableness of the parties' positions throughout the proceedings. The Ninth Circuit has recognized that a presumption exists that fees awarded under this statute in matters involving child custody or child support are considered in the nature of child support unless the record reflects otherwise. *See In re Change,* 163 F.3d 1138, 1141 (9th Cir. 1998); *In re Catlow,* 663 F.2d 960 (9th Cir. 1981); *In re Jarski,* 301 B.R. 342, 347 (Bankr. D. Ariz. 2003). As was stated by court in *Jarski*,

> With Arizona's statutory requirement that custody disputes be resolved in the "best interest of the child," and that any award of attorney's fees must be based upon consideration of "the financial resources of both parties, and the reasonableness of the position each party has taken" in the child custody dispute, it would take a strong showing by the Debtor to demonstrate that an award of attorneys fees was intended to be, or in fact was, something other than in the nature of support for the child. Perhaps such a strong showing could be made if the fees were awarded purely as a sanction."

Clearly the state court was troubled by the unreasonable positions taken by Defendant throughout the proceedings. However, the record does not strongly support a finding here, as the court stated in *Jarski,* that the fees were awarded *purely* as a sanction. As required, the court considered the financial positions of the parties and expressly calculated the fee award based on the parties related earning percentage – 75% by Plaintiff and 25% by Defendant–the same type of calculation that would be done in determining child support. As the court stated, it didn't "want to overburden" Defendant considering she had limited financial resources. Generally, a sanction is intended to be a burden or a means of punishment. The court also repeatedly pointed out that Defendant's unreasonable positions were contrary to the welfare of her child and that the attorney's fees incurred could have been better spent on the child than on this battle, further highlighting that the underlying issue was always the child's best interests.

For these reasons, the Court grants Plaintiff's partial motion for summary judgment and concludes that the attorney's fee judgment is nondischargeable. Counsel for Plaintiff is to lodge a form of order consistent with these findings for the Court's signature.

- 2 -
Case 2:06-ap-00245-CGC    Doc 45    Filed 08/24/07    Entered 08/24/07 15:20:53    Desc
Main Document    Page 2 of 3

|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | So ordered. |
| 4 | DATED: August 24, 2007 |

_____
CHARLES G. CASE II
United States Bankruptcy Judge

**COPY** of the foregoing mailed by the BNC and/or
sent by auto-generated mail to:

Adam B. Nach
Mary B. Martin
Lane & Nach, PC
2025 N. Third Street, Suite 157
Phoenix, Arizona 85004
Attorneys for David S. Edmondson

Joel L. Brand
Law Offices of Joel L. Brand
132 S. Central Ave., Suite 262
Phoenix, Arizona 85004
Attorney for Frankie Lynn Bradshaw

Office of the U.S. Trustee
230 N. First Avenue, Suite 204
Phoenix, Arizona 85003-1706

_____